In the Matter of the Petition of Herbert T. Ketcham for a Decree Ascertaining a Fair and Reasonable Value of His Services as an Attorney, etc., to Herbert C. Smith and Others, as Executors, etc., of Martha M. Brasher, Deceased.

Herbert T. Ketcham, Appellant, Respondent; Herbert C. Smith and Others, as Executors, Respondents, Appellants.

Second Department, December 23, 1921.

**Attorney and client — compensation — circumstances justifying allowance of $50,000 to attorney successfully defending will contest.**

Fifty thousand dollars is the fair and reasonable value of the services of an attorney engaged by executors named in a will to defend a contest of the probate thereof, where it appears that the estate disposed of was upwards of $1,000,000 in value; that the circumstances surrounding the execution of the will were such that the trial of the case was critical and the outcome extremely uncertain; that while the fee of the counsel for the proponents was not contingent, there was an element of contingency due to the fact that he, by agreement, relieved from personal liability the executors who retained him, and looked for his fee in the shape of an allowance by the court; that the result of the trial, which continued for more than two weeks, was a decree sustaining the will, but declaring four codicils invalid for undue influence by two of the executors, which result may be regarded as a successful termination of the contest in behalf of the proponents.

Cross-appeals from a decree of the Surrogate's Court of the county of Kings, entered in the office of the clerk of said court on the 21st day of July, 1921.

Said decree determined the amount due to Herbert T. Ketcham, attorney and counselor at law, for services rendered to the estate of the decedent, as trial counsel upon the contested probate of the will of Martha M. Brasher, deceased. The surrogate allowed the sum of $60,000. The executors appeal from the decree, claiming that the allowance is excessive, and the petitioner appeals, alleging that the sum is insufficient.

*James M. Gray*, for the petitioner.

*Willard Bartlett* [*Burt L. Rich* and *David H. M. Weynberg* with him on the brief], for the executors of the will of Martha M. Brasher, deceased.

BLACKMAR, P. J.:

All the elements that justify a large fee for legal services are present in this case. The counsel for the proponents is a leading member of the bar, of wide experience, competency, and peculiar skill in conducting cases such as this. The will of the testatrix disposed of an estate of upwards of $1,000,000 in value. Probate was contested by the daughter, an only child, of the testatrix, for whom small provision had been made in the will, and even that was revoked by codicils also propounded for probate. The circumstances were such that the trial of the case was critical and the outcome extremely uncertain. While the fee of the counsel for the proponents, was not contingent in the sense in which that term is commonly used, yet there was an important element of contingency, due to the fact that he, by agreement, relieved from personal liability the executors who retained him, and looked for his' fee to the uncertain action of the court, which might have denied an allowance if the will had been declared void for the undue influence charged to two of the executors who employed him. The character of the will is such that the burden of paying for the expense of establishing it does not fall upon the natural objects of the testatrix's bounty. The trial resulted in sustaining the will and declaring the four codicils void for undue influence by two of the executors, who were legatees in the will but who received a greater amount under the four codicils. This result may be regarded as a successful termination of the contest in behalf of the proponents. The counsel, recognizing the gravity of the contest, expressed a great disinclination to accept a retainer from the executors. He recommended that they go to another distinguished counsel, a recognized leader of the bar in Greater New York, and told them that if he accepted the retainer he would expect to be paid upon the rate of the largest fee charged for services of this kind. The counsel accepted the retainer on April 10, 1920. The contest, a trial before a jury, began in court on June sixth of that year and was protracted over a period of more than two weeks, followed by a motion made by the contestant for a new trial, which after argument was denied.

Able and expert lawyers have given their opinions of the value of the services. These opinions differ so widely as

to suggest that they were based upon entirely different conceptions of the theory upon which lawyers' charges are properly founded.

We have reached the conclusion that the fair and reasonable value of the services, taking into consideration all the elements that we have set forth, is $50,000, and that this amount should be paid by the executors, and all questions as to how the amount shall be charged in the executors' account shall be settled upon the final accounting.

The decree of the Surrogate's Court of Kings county is modified accordingly, and as modified affirmed.

MILLS, KELLY, JAYCOX and MANNING, JJ., concur.

Decree of the Surrogate's Court of Kings county modified in accordance with opinion, and as modified affirmed, without costs.