In the Matter of the Petition of MURRAY TAYLOR and Others, as Executors of the Last Will and Testament of HOWARD TAYLOR, Deceased, and JOHN G. JACKSON and Others, as Surviving Partners of the Firm of TAYLOR, JACKSON, BROPHY & NASH, to Compel HAMILTON F. KEAN, as Sole Surviving Executor of the Last Will and Testament of ROBERT B. VAN CORTLANDT, Deceased, to Pay the Claim of the Petitioners.

Surrogate's Court, Westchester County, April, 1922.

**Attorneys-at-law — value of services — proceeding in Surrogate's Court to determine amount to be paid — litigation begun against testator and continued against his estate.**

The evidence in a proceeding to determine the value of legal services rendered by petitioner's testator, a leading member of the bar, in defending on the retainer of the decedent herein, an action brought against said decedent and others to set aside a certain purchase syndicate agreement and to recover the sum of $2,848,487.32 for losses alleged to have been sustained through misrepresentation and fraud largely on the part of the decedent herein, against whom alone such charges were made on the trial, considered and *held*, that it appearing that the circumstances were such that the trial of the case was critical, that the result thereof, the case having been continued after the death of said decedent, may be regarded as a successful termination in favor of his estate, the net value of which is about $740,000, an order may be entered, directing payment of $20,000 in full settlement of the claim for legal services rendered by petitioner's testator, in addition to the sum of $15,000 already paid by the executors of the decedent herein on account of such services.

PROCEEDING to determine value of legal services.

*Taylor, Jackson, Brophy & Nash (Stephen P. Nash,* of counsel), for petitioners.

*Crescens Hubbard (Franklin B. Lord,* of counsel), for executors.

SLATER, S.   This is a proceeding to have determined the value of the legal services rendered by Howard Taylor, deceased, of the law firm of Taylor, Jackson, Brophy & Nash. *Matter of Rabell,* 175 App. Div. 345; *Matter of Fullam,* 111 Misc. Rep. 514. Mr. Taylor was retained by Robert B. Van Cortlandt in his lifetime to defend him in the suit brought in the Supreme Court,

New York county, by Bourke-Schiff & Co. against Van Cortlandt and others. The action was brought to set aside and rescind a certain purchase syndicate agreement and to recover the sum of $2,848,487.32, losses alleged to have been sustained through misrepresentation and fraud largely on the part of Robert B. Van Cortlandt. In fact, the charges of fraud and misrepresentation were made only against Robert B. Van Cortlandt on the trial.

Robert B. Van Cortlandt died February 8, 1918, leaving a last will and testament admitted to probate in the county of Westchester. An account of the temporary administrators shows that the gross estate was $971,000, and the net estate, after the sale of certain securities pledged to pay indebtedness, according to the accounting proceeding now pending, is about $740,000. If the decision had been adverse to Mr. Van Cortlandt, it would have wiped out his entire estate. The action was commenced on August 2, 1915, and judgment was entered therein March 12, 1920. The trial commenced on October 6, 1919, and ended November 1, 1919. The stenographer's minutes consisted of 2,019 pages.

This matter is submitted upon the petition, affidavits in support thereof and an answering affidavit. The claim for legal services rendered by Mr. Taylor is $40,000, of which $15,000 has been paid on account by the executors of Mr. Van Cortlandt. The executors offer to pay up to $25,000 in full for legal services rendered by Mr. Taylor.

A careful study of the papers submitted shows that there was some talk between Mr. Taylor and Mr. Van Cortlandt as to his fee. After Mr. Van Cortlandt's death, Mr. Taylor stated he had an understanding that his fee should be $10,000, " unless there is some protracted trial, submission of briefs, etc." There is nothing in writing, however, relating to an agreement between Mr. Taylor and Mr. Van Cortlandt. After Mr. Van Cortlandt's death, the matter of the fee was discussed, and letters were exchanged between the executors and Mr. Taylor. The willingness of the executors to pay up to $25,000 indicates their belief that there was some protracted trial, a trial out of the ordinary. For the legal services beyond the first one or two days of a trial, it would appear to me that there was no understanding as to the amount to be paid, leaving the payment for such services to be settled upon the *quantum meruit* basis.

All the elements justifying a large fee for legal services are present in this case. Howard Taylor was a leading member of the bar, of wide experience, competency and skill. The estate of which Mr. Van Cortlandt disposed to Columbia University by his last will and testament was a large one as indicated in this opinion.

The circumstances were such that the trial of the case was critical and the outcome extremely uncertain. If the plaintiffs had won, there would have been no estate passing to Columbia University. The result of the trial may be regarded as a successful termination in favor of the estate. Able lawyers have given their opinions of the value of the services. I have reached the conclusion that the fair and reasonable value of the services, taking into consideration the elements set forth, is $35,000. Of this amount, $15,000 has already been paid by the executors. *Randall* v. *Packard*, 142 N. Y. 47; *Matter of Ketcham* (*Brasher Estate*), 199 App. Div. 244.

An order may be entered directing payment of $20,000 in full settlement of the claim for legal services rendered by Howard Taylor, deceased.

Decreed accordingly.