In the Matter of CHRISTINA CAMPBELL, an Incompetent Person. In the Matter of MARY ELLEN CAMPBELL, an Incompetent Person.

Supreme Court, Dutchess County, October 1, 1927.

Incompetent persons — committee — attorneys' fees for committee in successfully contesting probate of will and securing $50,000 to incompetents are fixed at $9,000 for each incompetent, with disbursements.

The attorneys for the committee of the incompetents were employed under an order of the court to protect the interests of the incompetents in the estate of their brother. The attorneys successfully contested the probate of the brother's will which cut off the incompetents, and thereby secured to the estate of the incompetents the sum of $50,000. It was necessary for the attorneys to prosecute the case through all of the courts of Illinois. In view of the labor involved and the result obtained, $9,000 is allowed as a reasonable fee in each case and the committee is directed to pay that sum in addition to $545.25 as disbursements for each incompetent.

The fact that the attorneys also represented other parties and were paid by them is no defense to the claim for services rendered to the incompetents.

APPLICATION by petitioners for counsel fees and for reimbursement for expenses.

*Aldrich, Morschauser & Haas*, for the petitioners.

*John E. Mack*, committee in person.

*Vincent D. Stearns*, for John S. Campbell, objector.

SEEGER, J. Application of Aldrich, Morschauser & Haas and Rosenthal, Kurz & Tiedebohl for an allowance in each of the above-entitled proceedings for counsel fees and legal services rendered by them, and for reimbursement for expenses and disbursements incurred by said Aldrich, Morschauser & Haas amounting to $545.25, in each of said matters. The said petitioners were employed by John E. Mack, as committee of the said incompetents, which employment was expressly authorized by an order of this court on behalf of each of said incompetents.

The services in question were rendered in opposing the probate of the will of one John Campbell, who died June 8, 1924. The will was offered for probate in the Probate Court of Cook county,

State of Illinois. In said will the deceased devised and bequeathed all of his estate to the children of his brother James Campbell, living at the time of the decease of the testator.

The deceased left him surviving ten children of his said brother James and in addition his sisters, the two incompetents, Christina Campbell and Mary Ellen Campbell, and Edward D. Ward and Lila W. McLain, children of a deceased sister.

The two incompetents, Christina Campbell and Mary Ellen Campbell, were at the time of the death of the said testator, and still are, insane persons and incompetent and were so duly and legally declared, and the aforesaid John E. Mack and John S. Campbell are the duly appointed committee of said incompetents.

The said committee John S. Campbell was one of the children of James Campbell aforesaid, the brother of the deceased testator, and one of the legatees and devisees under the said will. The interest of the said John S. Campbell was antagonistic and opposed to the interests of said incompetents. He favored the probate of the will of his uncle. His own interest and that of his brothers and sisters were so great that he was unable to be faithful to his trust as committee of the incompetents. If he had been successful and the will had been probated, he and the members of his family would have secured to themselves the estate of the brother of the incompetents and they would have received nothing therefrom. Thus the wisdom of the appointment of two persons to act as committee of the incompetents was demonstrated, for the other committee, Mr. Mack, took the steps necessary to protect and guard the interests of the incompetents, and with the authority of the court employed the petitioners to oppose the probate of the said will, and was successful in the contest by reason of the services rendered by them. Aldrich, Morschauser & Haas are attorneys in this State and Rosenthal, Kurz & Tiedebohl are Chicago attorneys.

The services rendered consisted of appearances in the Probate Court of Cook county and filing objections to the probate of the alleged will. These objections were sustained and probate was refused. An appeal was taken to the Circuit Court of Cook county, where a trial *de novo* was had, and said court likewise refused the probate of the said will. An appeal was taken to the Supreme Court of the State of Illinois. New and important questions were raised upon this appeal which was opposed by the petitioners on behalf of the incompetents. The decision of the Circuit Court was affirmed by the Supreme Court. The appellants then filed a petition for a rehearing which was denied by the Supreme Court.

A guardian *ad litem* for the incompetents was appointed by the several courts and he appeared in the several courts for the incompetents but took no active part in the proceedings. All the legal work in opposing the probate of the will on behalf of the incompetents was done by the petitioners. The result of this contest by the petitioners on behalf of the incompetents was that the committee has received over $50,000 from the estate of the deceased brother for the two incompetents.

Now the faithful and successful lawyers, who have obtained this result for the incompetents, under lawful employment by the faithful committee, Mr. Mack, are asking to be paid for their services and disbursements, and the faithless committee, Mr. Campbell, after his unsuccessful attempt to secure the entire estate in question for himself and his brothers and sisters, comes into this court to guard the interests of his wards and contests the question of the amount which should be paid to the attorneys who have secured a small fortune for the incompetents. It may be that he has now seen the error of his ways and that he now desires to protect the incompetents from what he considers excessive demands, but it is not above suspicion that he desires to save what he can for himself and his family, when in the near future the incompetent aged ladies have no further use for the estate.

The petitioners were diligent, faithful and successful. The result of their efforts was to secure a considerable sum for the incompetents. The fact that they also represented the other parties, Mr. Ward and Mrs. McLain, and that they were paid by them, is no defense to the claim for services rendered to the incompetents. They should be paid a reasonable sum for their services.

The lawyer's charge should be adjusted in a measure to the benefit resulting to the client. (*Randall* v. *Packard*, 142 N. Y. 47.) The court has power to fix the compensation and the contingency of success may be considered in fixing the amount. (*Matter of Ketcham* [*Brasher Estate*], 199 App. Div. 244.)

It seems to me that the sum of $9,000 is a reasonable sum to be paid to the petitioners in each case by the committee for each incompetent, in addition to the disbursements hereinbefore mentioned, viz., $545.25, for each incompetent.

It is, therefore, ordered that such sums be allowed to the petitioners.